IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA JOHNSON, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-1301 |
| ROWAN RIGGS S.A.R.L., *et al.*, | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM AND ORDER**

Joshua Johnson was severely injured while working on a drillship in a shipyard. He sued several defendants, asserting a state-law claim for negligence against a third party under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. §§ 905, 933. (Docket Entry No. 1-2 at 19). The defendants timely removed on the basis of federal question jurisdiction. (Docket Entry No. 1).

Johnson moved to remand on the basis that the Act does not create federal question jurisdiction when it is asserted as a defense. (Docket Entry No. 3 at 2–3). The case Johnson cites to support his claim, *Garcia v. Amfels, Inc.*, 254 F.3d 585 (5th Cir. 2001), involves a LHWCA defense in which the "petition made no reference to the [LHWCA.]" *Id.* at 586. Johnson is right that the LHWCA does not create federal question jurisdiction when asserted solely as a defense, but that is not the issue here. This is not a ground for remand.

Johnson also argues that the fact that his complaint pleads negligence and seeks relief under the LHWCA does not create federal removal jurisdiction. Federal question jurisdiction is established when a claim "aris[es] under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331. Section 905(a) does not create a right of action against third parties. The defendants incorrectly assert that Johnson's negligence claim "arises under" the laws of the United States on the basis that the claim involves federal rights founded in federal law. "As a basis for federal jurisdiction, the federal issue must appear as part of the plaintiffs' cause of action. The claim in [a Section 905(a) case] rests on negligence principles, a purely local matter in the absence of federal authority, and therefore the appropriate forum is [the state court]." *Griffis v. Gulf Coast Pre-Stress Co.*, 850 F.2d 1090, 1092 (5th Cir. 1988).

"This Court has recognized that '[a] person entitled to compensation under the LHWCA may both recover compensation from his or her employer [under § 904], and pursue a separate negligence action against a third party [under § 933(a)].'" *McLaurin v. Noble Drilling (US) Inc.*, 529 F.3d 285, 291 (5th Cir. 2008) (quoting *Kelly v. Red Fox Cos. of New Iberia Inc.*, 123 Fed. App'x 595, 596 (5th Cir. 2005) (per curiam)). Section 933 recognizes that an employee covered under the LHWCA may also have tort remedies against third parties under federal or state law. Section 933 "preserves and codifies a maritime worker's common law right to pursue a negligence claim against a third party that is not the employer or a coworker; it does not create a cause of action nor establish a third party's liability for negligence." *McLaurin*, 529 F.3d at 292.

Johnson's claims do not arise under federal law. This case is remanded to the 234th Judicial District Court of Harris County, Texas, and an order of remand is separately entered.

Johnson's request to have the defendants pay his fees and costs in responding to the removal is denied. Under 28 U.S.C. § 1447(c), a court can award attorney's fees incurred as a result of an unsuccessful removal. The standard governing attorney's fees is whether the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Grp.*, 546 U.S. 132, 141 (2005). Questions of removability for claims under the LWHCA, claims

under state law, and claims under other statutes or case law brought by seamen or other maritime workers can be complicated. It was not objectively unreasonable for the defendants to seek removal in this case. The request for fees and costs is denied.

SIGNED on July 18, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge